UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACEIL RAUL MIRANDA ESCALONA, (A 203-494-125),

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-04937-DAD-CKD

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I. Introduction

### A. Factual Background

Petitioner, a native and citizen of Cuba, attempted to enter the United States via a lawful port of entry on March 23, 2019. ECF No. 7-1. U.S. Customs and Border Patrol ("CBP") initiated removal proceedings against Petitioner and referred him to ICE, who placed him in an alternative to detention program. Id. An immigration judge dismissed removal proceedings against Petitioner on March 24, 2024. ECF No. 1 at 10. Petitioner filed an application for lawful permanent resident status with U.S. Citizenship & Immigration Services on December 9, 2025. ECF No. 7-1 at 3. The application remains pending. ECF No. 1 at 6 ("I am a Cuban waiting for

my residency.”)

On November 10, 2025, Petitioner was convicted under Florida Statutes § 812.014 (grand theft) and § 817.568 (fraudulent use of personal identification information). ECF No. 7-3. ICE placed a detainer on him and took him into custody on February 20, 2026. ECF No. 7-1 at 2. They charged Petitioner under I.N.A. § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) and placed him back in removal proceedings, which are currently pending. ECF No. 7-2.

**B. Procedural History**

This matter is related to Miranda Escalona v. ICE, No. 2:26-cv-01229-DAD-CKD (E.D. Cal. June 11, 2026) (“Miranda I”). In Miranda I, Petitioner filed a pro se petition for writ of habeas corpus on March 31, 2026 and an amended petition through appointed counsel on May 7, 2026. Miranda, No. 2:26-cv-01229-DAD-CKD, ECF No. 1, 12. After Respondent filed an answer, Petitioner filed a voluntary motion to dismiss indicating that he intended to pursue administrative relief. Id. at ECF No. 16. The motion to dismiss Miranda I was granted on June 15, 2026. Id. at ECF No. 17.

On June 22, 2026, Petitioner filed a new petition for writ of habeas corpus in the instant matter (“Miranda II”) and a request for update in Miranda I. ECF No. 1.; see also Miranda I at ECF No. 18. Respondent filed a notice of related cases on July 4, 2026 and its answer to the Miranda II petition on July 6, 2026. ECF No. 6, 7. Petitioner did not file a traverse but instead filed a motion for consideration and ruling (ECF No. 8) and a motion for expedited review and ruling (ECF No. 9). On August 6, 2026, the District Judge assigned to this case issued an order relating Miranda I and Miranda II and referred this matter to the undersigned. ECF No. 10.

Petitioner alleges his detention is unlawful, prolonged and violates his Fifth Amendment due process rights. ECF No. 1, 9. Respondent counters that Petitioner is subject to detention under 8 U.S.C. § 1226(c)(1)(E), which is mandatory and constitutional.

**II. Analysis**

**A. Applicability of § 1226(c)(1)(E) mandatory detention**

The detention of a noncitizen pending removal proceedings is governed by 8 U.S.C § 1226. While 8 U.S.C § 1226(a) allows the government to either detain *or* release noncitizens while their

removal proceedings are pending, § 1226(c) imposes *mandatory* detention on certain noncitizens. 8 U.S.C § 1226(c)(1) ("The Attorney General *shall* take into custody…) (emphasis added). See also 8 U.S.C § 1226(c)(4) (allowing release *only if* the Attorney General (AG) deems it necessary for witness protection *and* if the AG determines such noncitizen witness will not pose a danger or flight risk). 8 U.S.C. § 1226(c)(1)(E) requires detention for any noncitizen who is inadmissible under 8 U.S.C. § 1182(a)(6)(A), (6)(C), or (7) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, *theft*, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E) (emphasis added). For the purposes of § 1226(c)(1)(E), theft is defined by "the meanings given such terms in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2).

Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which satisfies the first element of § 1226(c)(1)(E) applicability. ECF No. 7-2. Respondent also provided evidence that Petitioner was convicted under two Florida Statutes, including § 812.014. ECF No. 7-3. Florida Statute § 812.014 covers theft offenses, which fall squarely within 8 U.S.C. § 1226(c)(1)(E). The undersigned therefore agrees that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E).

**B. Due Process**

The petition raises an as-applied challenge to the constitutionality of Petitioner's mandatory detention. ECF No. 1 at 6, 39; ECF No. 9 ("…my detention has become unreasonably prolonged which violates the 5th Amendment.). At this point, Petitioner has been detained for six months and there is no indication that he has received a bond hearing to determine whether his detention is justified based on his dangerousness or flight risk.

**i. Viability of as-applied due process challenges to mandatory detention**

The Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore v Kim, 538 U.S. 510, 531 (2003). However, the Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a

month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." Id. at 513, 529 n.12, 530. Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

The Ninth Circuit Court of Appeal has expressly declined to address "[w]hether due process requires a bond hearing" in such situations. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). Other Circuit Courts of Appeal have concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). Recently, the Second Circuit held that "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024). The undersigned finds this authority persuasive and agrees that Demore does not bar an as-applied challenge to prolonged detention without a hearing to determine whether such detention is justified. The next step is to determine the appropriate framework in which to analyze petitioner's procedural due process argument.

**i. Mathews procedural due process test**

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has

concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c). The undersigned is particularly persuaded by the Second Circuit's reasoning in Black, 103 F.4th at 145-49, that the Mathews test is flexible enough to account for the factors identified by federal courts when deciding whether detention under § 1226(c) has become unreasonably prolonged. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

**1. Private interest**

An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Courts of Appeal have generally declined to adopt a specific threshold for when detention under § 1226(c) becomes prolonged. See German Santos v. Warden Pike Cty. Correctional Facility, 965 F.3d 203, 211 3d Cir. 2020); Black, 103 F.4th at 150; Reid v. Donelan, 17 F.4th 1, 7–9 (1st Cir. 2021). While the Ninth Circuit has not addressed this question, it has previously referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz,

53 F.4th at 1207 (citations omitted). Indeed, other courts within this Circuit have found due process violations where the length of mandatory detention without bond was similar to the length of detention at issue here. See, e.g., Chen v. Aitken, 917 F. Supp. 2d 1013, 1018 (N.D. Cal. 2013) (holding petitioner's seven-month detention under § 1225(b) was "prolonged" because it "has lasted well beyond the typical period described in Demore" and "neither release nor removal are imminent").

Moreover, courts hearing as-applied challenges to § 1226(c) detention have also considered the likely duration of future detention. See Lopez v. Garland, 631 F. Supp. 3d 870, 880-81 (E.D. Cal. 2022) (finding petitioner's administrative appeals and likely appeal to the Ninth Circuit weighed toward granting request for bond hearing). In this case, Petitioner has not yet been scheduled for an individual hearing in his removal case. According to the publicly available automated case information website, Petitioner's next hearing, scheduled for August 26, 2026 is a "master" hearing. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation. The record does not indicate when Petitioner might be scheduled for a final hearing. Additionally, an individual hearing before an immigration judge (IJ) is not the end of Petitioner's removal proceedings. Either party may choose to appeal the IJ's decision to the Board of Immigration Appeals and Petitioner could ultimately seek review by the Ninth Circuit Court of Appeals. Therefore, based on its duration to date without bond and the likelihood of continued mandatory detention during all phases of removal proceedings, the undersigned finds Petitioner's detention is sufficiently "prolonged" and confers a substantial private interest.

**2. Risk of erroneous deprivation**

The second Mathews factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. This factor firmly favors Petitioner. "[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial." Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) (abrogated on other grounds). Indeed, "[i]n the absence of any meaningful initial procedural

safeguards, it appears to us that almost any additional procedural safeguards at some point in the detention would add value." Black, 103 F.4th at 153 (emphasis in original); see also Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (finding "high" risk of an erroneous deprivation where petitioner had not received any bond or custody redetermination hearing during his one-year detention under § 1226(c)). Accordingly, the second Mathews factor also weighs toward Petitioner.

**3. Government interest**

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. Higher courts have repeatedly recognized that, "[t]he government has an obvious interest in 'protecting the public from dangerous criminal [noncitizens].'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). Courts have also recognized that the detention of noncitizens during removal proceedings can serve the legitimate government purpose of preventing flight. Prieto-Romero v. Clark, 534 F.3d 1053, 1065 (9th Cir. 2008) (citing Demore, 538 U.S. at 528). Thus, the government generally has an interest in the detention of non-citizens held under § 1226(c). However, "the additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." Black, 103 F.4th at 153–54; see also Jimenez, 2020 WL 510347, at *3 ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)). In Petitioner's case, the government's interest in further detaining him without a hearing to determine whether such detention is justified is minimal. Administrative burden is a legally cognizable interest under Mathews, but Respondent's interest is further diminished by the low fiscal and administrative burdens associated with a bond hearing. See D. L.C. v. Wofford, 2026 WL 25511, at *5 (E.D. Cal. Jan. 5, 2026) ("Custody hearings in immigration court are routine and

impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

**III. Remedy**

For reasons explained above in the Mathews analysis, the undersigned finds a bond hearing to be the appropriate relief in this case. At that bond hearing, the government should bear the burden of demonstrating by clear and convincing evidence that Petitioner presents a risk of flight or danger. See Singh v. Albarran, No. 1:26-cv-0940 DC DMC (HC), 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026) (collecting cases); Singh v. Chestnut, No. 1:26-cv-00127 DC SCR (HC), 2026 WL 766567 (E.D. Cal. March 18, 2026) (adopting Findings and Recommendations and granting a bond hearing). This is the appropriate burden given the liberty interests at stake. See Black, 103 F.4th at 157 ("[O]nce detention under section 1226(c) has become so prolonged that due process warrants a bond hearing . . . the government must justify continued detention at such a hearing . . .by clear and convincing evidence.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for consideration and ruling (ECF No. 8) be GRANTED;

2. Petitioner's motion for expedited review and ruling (ECF No. 9) be GRANTED;

3. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED;

2. Respondent be ordered to provide Petitioner with a constitutionally adequate bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days of any order resolving the § 2241 petition;

3. Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing;

4. If Petitioner is granted release on bond, Respondent shall return all of Petitioner's documents and possessions at the time of release;

5. Any order not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

6. Judgment be entered in Petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/20/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 mira4937.imm.fnr